# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES WASHINGTON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV01556 ERW |
| | ) | |
| JAMES HARTENBACH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of James Washington, Jr., (registration no. 149071), an inmate at Crossroads Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $14.67. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $73.33, and an average monthly balance of $21.13. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $14.67, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violation of his right of access to the courts. Named as defendants are James Hartenbach (Judge, 21st Judicial Circuit), William J. Shaw (Director, Public Defender's Office), Shawn Goulet (Assistant Public Defender), Dennis Roach (same), Jeffrey Maassen (same), Patricia Tobias (Clerk of Court, 21st Judicial Circuit), and Sally Peat (Court Reporter, 21st Judicial Circuit). The complaint seeks monetary and injunctive relief.

Plaintiff alleges that he was convicted of murder in 1983 and was given a sentence of life in prison. Plaintiff claims that he filed a motion for post-conviction relief in 1988, which was denied in 1989. Plaintiff alleges that the public defender defendants were ineffective in dealing with the appeal from the denial of his motion for

-3-

post-conviction relief. Plaintiff further alleges that each of the other defendants conspired to cover up the ineffectiveness of the public defender defendants.

## Discussion

Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 767 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). As a result, the complaint is time barred and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Additionally, even if the case were not time barred, plaintiff would not be entitled to relief. Plaintiff's allegations against defendant Hartenbach are frivolous. Defendant Hartenbach is immune from liability for damages under § 1983 because the alleged wrongdoings were performed within his judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). And defendants Tobias and Peat are protected by judicial immunity from damages for alleged civil rights violations committed in connection with the performance of tasks that are integral to the judicial process. See Smith v. Erickson, 884 F.2d 1108, 1111 (8th Cir. 1989). Finally, the complaint fails to state a § 1983 claim against defendants Shaw, Goulet, Roach, or Massen because they were "not act[ing] under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $14.67 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

So Ordered this 2nd Day of November, 2007.

                                                                      *[signature]*
                                                                      E. RICHARD WEBBER
                                                                      UNITED STATES DISTRICT JUDGE